UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONDELL E. BARNUM, | No. 2:13-cv-2443 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On November 30, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on February 3, 1998. (Transcript ("Tr.") at 15, 130-38.) Plaintiff's application was denied initially, (id. at 64-68), and upon reconsideration. (Id. at 74-78.) Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 17, 2012. (Id. at 32.) Plaintiff was represented by an attorney and testified at the

1

administrative hearing.  (Id. at 32-33.)  In a decision issued on June 22, 2012, the ALJ found that plaintiff was not disabled.  (Id. at 23.)

      The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since November 30, 2010, the application date (20 CFR 416.971 *et seq.*).
>
> 2.   The claimant has the following severe impairments: degenerative joint disease of the right knee and leg length discrepancy; osteoarthritis; obesity (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can walk slightly less than two hours of an eight hour day; can stand slightly less than two hours of an eight hour day; can sit about six hours of an eight hour day; must use a cane to walk on all terrain or any distance; can lift and carry twenty pounds occasionally and ten pounds frequently; can occasionally balance, bend, climb ramps/stairs but not ladders, ropes or scaffolds, crawl, crouch, kneel and stoop; and must avoid even moderate exposure to hazards (dangerous machinery, unprotected heights, etc.).
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on March 16, 1974 and was 36 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
>  9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform  (20 CFR 416.969 and 416.969(a)).
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since November 30, 2010, the date the application was filed (20 CFR 416.920(g)).

(Id. at 17-23.)

/////

On September 19, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's June 22, 2012 decision. (Id. at 6-8.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 22, 2013.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

The sole issue raised by plaintiff's pending motion for summary judgment is plaintiff's assertion that the ALJ failed to ask the Vocational Expert ("VE") a legally adequate hypothetical question at the administrative hearing.

While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted). See also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Here, plaintiff argues that the ALJ's RFC determination found that plaintiff "*must use* a cane to walk on all terrain or *any distance*," (Pl.'s MSJ (Dkt. No. 15) at 4[1]) (emphasis added), but the ALJ "never asked the vocational expert to assume a hypothetical that included the limitation that [plaintiff] must use a cane to walk on all terrain or any distance." (Id. at 6.) The court finds plaintiff's argument unpersuasive.

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    Here, the ALJ's first hypothetical question posed to the VE at the administrative hearing
2    asked the VE to assume a person of the same age, education, and past work experience as the
3    plaintiff who, among other limitations, "[n]eeds a cane to use when . . . walking on terrain or
4    distances." (Tr. at 46.) In response, the VE testified that a person with the hypothetical
5    limitations described by the ALJ in the question could do sedentary jobs including jewelry
6    preparer, table worker and vamp strap ironer. (Id. at 47.) In this regard, the ALJ's first
7    hypothetical question required the VE to assume a person who needs a cane for walking on
8    terrain or distances. Clearly there is no meaningful difference between a person who "needs" a
9    cane and one who "must use" a cane. Nor is there any meaningful difference between a person
10   who needs a cane to walk distances and one who needs a cane to walk any distance. Thus, the
11   undersigned concludes that the ALJ's first hypothetical question posed to the VE fully accounted
12   for plaintiff's use of a cane.

13   The ALJ's second hypothetical question asked the VE to assume both increased postural
14   limitations than those in the first hypothetical and that a "[c]ane is needed for balance and pain
15   relief at times." (Id.) The VE answered this second hypothetical question by stating that such an
16   individual could perform the same jobs identified by the VE in response to the ALJ's first
17   hypothetical question. (Id.) The ALJ then asked the VE if a person with the limitations described
18   in the second hypothetical question could perform any other jobs and explained to the VE that the
19   only differences between the two hypothetical questions the ALJ had posed concerned changes
20   related to postural limitations, not the use of a cane.[2] (Id. at 48.)) In response to this question, the
21   VE testified that the ALJ changes to the postural limitations would not affect one's ability to
22   perform the positions noted in the response to the first hypothetical question, and that a person
23   with the postural limitations included in the second hypothetical question could also perform the
24   jobs of cutter and paster, compact assembler and waxer. (Id.)

25   Thus, both hypothetical questions posed by the ALJ to the VE at the administrative
26   hearing required the VE to assume an individual who required the use of a cane to walk. In

27   ─────────────
     [2] Postural limitations include limitations related to stooping, climbing, crawling and crouching.
28   See 20 C.F.R. § 404.1569a(c)(1)(vi).

response to both of those hypothetical questions, the VE testified that such an individual could perform sedentary work and provided multiple examples of jobs that such an individual could perform. While the ALJ did not use the terms *must* or *any*, which the ALJ did employ in the RFC determination with respect to plaintiff, the ALJ in both hypothetical questions did ask the VE to assume in both a person who *needs* a cane. Plaintiff has established no meaningful or harmful error resulting from the ALJ's slightly different, yet synonymous, wording used in his hypothetical questions as compared to that of the RFC determination.

Accordingly, plaintiff's motion for summary judgment is denied as to his claim that the ALJ failed to ask the VE a legally adequate hypothetical question at the administrative hearing.

## CONCLUSION

The undersigned has found that plaintiff should not be granted summary judgment with respect to his sole claim for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 15) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted; and
3. The Commissioner's decision is affirmed.

Dated: March 16, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\barnum2443.ord.docx